Brady, J.
This action was predicate of a promissory note dated December 13, 1880, payable three months after date to the order of Henry Wehle for $150, and the complaint demanded judgment for that sum, with interest. Upon the trial the note was introduced and proved and the plaintiff rested.
The defendant was then' called as a witness on her own behalf and proved a receipt as follows:
“Received of William Schmidt one hundred dollars on account of note due March 16, 1881.
“HENRY WEHLE.”
When this receipt was offered it was stated by the counsel of the defendant to be dated March 16, 1881. This statement is not borne out by an' examination of the paper itself, as printed in the record. The defendant’s counsel must therefore be regarded as having been mistaken in the respect named. He also offered in evidence a receipt, which was as follows:
“Law Office of Wehle & Jordan, )
“25 Avenue A., cor. Second St. )
* ‘ Henry Wehle.
“Chas. H. Jordan.
“New York, February 9, 1881.
“Received from Mr. Schmidt, fifty dollars on account.
* “ WEHLE & JORDAN.” ■
This was objected to and excluded. The defendant’s counsel then offered in evidence a bill from Wehle & Jordan to the intestate, which was also objected to as immaterial and irrelevant and excluded. The defendant also offered in evidence certain affidavits made by the plaintiff in this action, which were objected to and excluded.
The object of the affidavits was to discredit the plaintiff’s statement in the complaint, and to impugn the good faith of the' claim as made. The design in introducing the receipt for fifty dollars and the bill, was to show that the note had in fact been paid. The objects, therefore, of the proceedings as to the various elements were diverse.
An examination of the account shows a credit on Febra- ■ ary 9, 1881, as follows:
“Paid on account note, $100.” There does not appear any credit of that date for fifty dollars, either upon the note or upon the general account. If this statement be correct, namely, that $100 was paid on that day, then $150 in all must have been paid, fifty dollars of which was either to be applied to the payment of the note or to the general account, and which it would seem was not credited.
*413 The rule is well-settled that where there are different accounts, and a sum of money is paid which is not directed to be applied to either, the creditor has a right to make the application according to his own wish, and if this privilege be not exercised the application may be made when the controversy is investigated by the court. Whether that fifty dollars under these circumstances was paid on account ■of that note would have been a fair question for consideration by the jury if the bill had been admitted in evidence and particularly if no explanation were given by the plaintiff of the discrepancy mentioned and for that reason, if for no other, the court below was in error in directing the jury to find a verdict for fifty dollars principal and interest.
But the affidavits, which were rejected contained some statements inconsistent with the plaintiff’s claim as presented by the complaint, and while that circumstance could not affect his credibility, not having been examined as a witness, yet taken in connection with the payment of fifty dollars already referred to, they became important upon the general issue of indebtedness upon the note. Not only that, but upon the good faith of the claim itself. The jury might have drawn the conclusion from the circumstance that the note was in fact paid, or that the claim was demonstrated not to be in good faith, and, therefore, invalid.
We are not now dealing with the integrity of the plaintiff but with the probable case which would have been established on behalf of the defendant, if the excluded papers had been admitted. The proper course would have been to have admitted the receipt for fifty dollars, the bill and affidavits, and to have left the plaintiff to such explanation as he could doubtless have made, unless they sufficiently explained themselves when grouped together. It is insisted by the plaintiff that they do, and thus considered, remove all questions of doubt as to any statements contained in them, but that would have been a question for the jury had they been admitted in evidence, even if the plaintiff had not been examined in relation to them.
The judgment must be reversed and new trial ordered, with costs to appellant to abide event.
Van Brunt, P. J., and Daniels, J., concur.